**Kirby CORNETT, Plaintiff,**

v.

**ROADWAY EXPRESS, INC., Defendant and Third–Party Plaintiff,**

v.

**DRIVERS, CHAUFFEURS AND HELPERS LOCAL UNION NO. 100, Affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Third–Party Defendant.**

No. C–1–86–558.

United States District Court, S.D. Ohio, W.D.

Dec. 28, 1988.

Paul H. Tobias, Cincinnati, Ohio, for plaintiff.

Paul R. Moran, Cincinnati, Ohio, for defendant and third-party plaintiff.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon the Report and Recommendation of the United States Magistrate (doc. no. 16) recommending that defendant Local Union No. 100's Motion to Dismiss (doc. no. 12) be granted; and upon defendant Roadway Express, Inc.'s Motion for Summary Judgment (doc. no. 21) and the memoranda filed relating thereto.

Plaintiff Cornett is a former employee of defendant/third-party plaintiff Roadway Express, Inc. ("Roadway") and a member of third-party defendant Local Union No. 100 (Local 100). Plaintiff's Complaint was filed on June 13, 1986 against Roadway and Local 100 pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Plaintiff alleged that Roadway breached its collective bargaining contract with Local 100 by discharging plaintiff and that Local 100 had breached its duty of fair representation in its handling of plaintiff's grievance regarding his termination.

This controversy stems from the handling of plaintiff's grievance over his termination at hearings before the Ohio State Grievance Committee on November 20, 1985 and April 16, 1986. Plaintiff was discharged for failure to report to work within 72 hours of being released to return to work. Plaintiff was unhappy with the results of the November 20, 1985 hearing and was dissatisfied with the representation afforded him at that hearing.

Subsequently, plaintiff underwent surgery. On January 13, 1986, plaintiff's treating physician, Dr. Starks, prepared a letter describing the surgical condition of plaintiff's back as a work-related condition. Plaintiff maintained that the letter from Dr. Starks constituted new evidence to justify reopening his earlier grievance. Plaintiff argued that the doctor's report was significant to the issue of his incapacity to return to work in October, 1985 when he was discharged for failure to return to work. This new grievance was heard on April 16, 1986 with the same result. Plaintiff again was dissatisfied with the representation afforded him at that hearing. Plaintiff reiterated that the reason for not returning to work was that his treating physician advised him that he could only return to work under certain conditions.

Plaintiff and Local 100 negotiated a settlement of plaintiff's claim against the union and plaintiff executed a written document releasing Local 100 from "all claims of unfair representation and any other claims against Local 100 Teamsters, based on my understanding Local 100 has released any and all claims against me and further it being understood that this release is without prejudice to any of my claims against Roadway Express." On August 29, 1986, plaintiff moved to amend his Complaint to drop all claims against Local 100. On September 15, 1986, plaintiff and Local 100 filed with the Court a Stipulation dismissing the action against Local 100 pursuant to Fed.R.Civ.P. 41(a)(1)(ii) (doc. no. 7). On October 29, 1986, the Court granted plaintiff's Motion to Amend Complaint.

On November 17, 1986, Roadway filed a Third–Party Complaint against Local 100 asserting that if damages were recovered from Roadway for wrongful discharge, then Roadway would be entitled to recover damages from Local 100 resulting from a breach of the union's duty to fairly represent plaintiff in the grievance procedure. This claim is premised on the argument that any finding of wrongful discharge would require a preliminary finding that Local 100 breached its duty of fair representation.

To sustain a motion to dismiss, it must be demonstrated beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). This Court must accept the allegations in the Complaint as true, along with any conclusions that can reasonably be drawn therefrom. The inquiry is not whether plaintiff will ultimately prevail on his claims, but whether he is "entitled to

offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The Magistrate found that the Third-Party Complaint of Roadway against Local 100 focuses on the issue of the possible exposure of Roadway to secondary liability if Roadway and the Union are found jointly and severally liable for a breach of the contract. In this case, however, there is no allegation of joint conduct by Roadway and Local 100 and there is no basis for a finding of joint and several liability on the contract issues. Now that plaintiff has settled with Local 100, this is no longer a hybrid § 301 lawsuit, even though some apportionment of fault may take place at a later time as described in *Bowen v. U.S. Postal Services*, 459 U.S. 212, 103 S.Ct. 588, 74 L.Ed.2d 402 (1983). The Magistrate concluded that Local 100's Motion to Dismiss Roadway's Third-Party Complaint should be granted.

Upon consideration of the issue presented on the Motion to Dismiss, the Court finds that Roadway is liable, if at all, only for those damages for which it is directly responsible and not for any damages primarily attributable to Local 100. Simply stated, Roadway cannot be secondarily liable for any damages caused to plaintiff by Local 100 in this case because those damages, if any, have been fully compromised. Accordingly, the Report and Recommendation of the United States Magistrate (doc. no. 16) is hereby ADOPTED.

■ As to defendant Roadway's Motion for Summary Judgment, the Court has reviewed the arguments made by the parties and has applied the principles of controlling law to the facts presented. The legal standard for consideration and disposition of issues on summary judgment is well settled.

Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. 56(c). The evidence presented on a motion for summary judgment is construed in favor of the party opposing the motion who is given the benefit of all favorable inferences that can be drawn therefrom. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986) (original emphasis).

Summary judgment should not be granted unless it is clear that a trial is unnecessary. The threshold inquiry to determine whether there is a need for trial is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Id.*

The fact that the weight of the evidence favors the moving party does not authorize a court to grant summary judgment. *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 472, 82 S.Ct. 486, 490, 7 L.Ed.2d 458 (1962). "[T]he issue of material fact required by Rule 56(c) ... to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or a judge to resolve the parties' differing versions of the truth at trial." *First National Bank v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968).

Moreover, although summary judgment must be used with extreme caution since it operates to deny a litigant his day in court, *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979), the United States Supreme Court has recently stated

that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather than as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). According to the Supreme Court, the standard for granting summary judgment mirrors the standard for a directed verdict, and thus summary judgment is appropriate if the moving party establishes that there is insufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Id.* 106 S.Ct. at 2553; *Anderson,* 106 S.Ct. at 2511.

Accordingly, summary judgment is clearly proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." *Catrett,* 106 S.Ct. at 2553. Significantly, the Supreme Court also instructs that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion" against a party who fails to make that showing with significantly probative evidence. *Id.; Anderson,* 106 S.Ct. at 2511. Rule 56(e) requires plaintiff to go beyond the pleadings and by his own affidavits, designate "specific facts showing that there is a genuine issue for trial." *Id.*

In viewing the evidence and all inferences to be drawn therefrom in the light most favorable to the plaintiff, the Court finds that there are no genuine issues of fact material to plaintiff's claim and that defendant is entitled to judgment as a matter of law. Plaintiff filed this action on June 13, 1986, nearly seven months after the determination of his discharge grievance on November 20, 1985. Plaintiff's § 301 claims are barred by the sixth-month statute of limitations under *DelCostello v. Int'l. Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), unless the filing of the additional grievance in January of 1986 somehow tolled the statute of limitations.

As the Court in *DelCostello* provided, the beginning measuring point for determination of the six-month limitation period on § 301 claims is the date of the applicable arbitration decision of a joint union-management committee, and that date is the date on which plaintiff was aware or should have been aware of the facts allegedly constituting the injury to him, therefore, that is the date on which plaintiff's cause of action accrued. See *DelCostello,* 462 U.S. 151, 103 S.Ct. 2281; *Farr v. H.K. Porter,* 727 F.2d 502, 505 (5th Cir.1984); *Benson v. G.M. Corp.,* 716 F.2d 862, 864 (11th Cir.1983); and *Dowty v. Pioneer Rural Electric Cooperative, Inc.,* 770 F.2d 52, 56 (6th Cir.1985).

Plaintiff's claim against Roadway is that it discharged him without just cause, thereby breaching the collective bargaining agreement. This discharge was fully accomplished and fully understood by November 20, 1985. The alleged "new evidence" was plaintiff's surgery in January, 1986. The fact that plaintiff was operated on in January, 1986, however, cannot be an excuse for failing to return to work in October of 1985; the 1986 operation and subsequent physician letter are irrelevant as to the issues that were decided in November, 1985.

Plaintiff knew on November 20, 1985 that the Joint Committee in Columbus denied his grievance protesting his wrongful discharge. Therefore, plaintiff's cause of action against Roadway accrued on November 20, 1985 or before and this Court can find no circumstances to support plaintiff's argument that the six-month statute of limitations was tolled.

Plaintiff argues that, at the hearing, teamster business manager/agent Johnson, for unexplained reasons, did not produce important papers into evidence. Plaintiff further explains that it was his understanding from his union steward and other Local 100 officials that he could reopen his discharge case upon presentation of new evidence which was not available at the time of the first hearing and that this was the practice and the policy of Joint Commit-

tee. These arguments, however, do not address the rights and obligations between plaintiff and Roadway or the statute of limitations issue; they only present particular claims which are solely the responsibility of the Union which are no longer in this case as those claims have been settled. Plaintiff's contentions on this point do not substantiate his argument that Roadway is liable to him for breach of contract. In fact, the only action taken by Roadway at the hearing on April 16, 1986 was to raise a point of order.

Accordingly, plaintiff's cause of action against Roadway must be denied because the statute of limitations ran before plaintiff filed his Complaint in this case precluding this Court from considering plaintiff's claims against Roadway. Further, plaintiff's claims against the Union have been settled. Therefore, Roadway's absolute defense based on the statute of limitations mandates that judgment be entered in its favor.

Based upon the foregoing, Local Union 100's Motion to Dismiss (doc. no. 12) the Third–Party Complaint (doc. no. 10) is hereby GRANTED; further, defendant Roadway's Motion for Summary Judgment (doc. no. 21) is hereby GRANTED and plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.